IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

GREG HALL,

      Plaintiff,

v.                              Case No.:  1:18-cv-208

STAR OF TEXAS GLASS COMPANY, INC.,
and JEANELLE WOLSKI,

      Defendants.
_____/

## VERIFIED AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GREG HALL, by and through his undersigned counsel, sues the Defendants, STAR OF TEXAS GLASS COMPANY, INC., and JEANELLE WOLSKI, and in support thereof alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this action for unpaid wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2.      Jurisdiction is conferred on this Court by Title 28 U S.C. § 1337 and by Title 29 U.S.C. §216(b).

## VENUE

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant, STAR OF TEXAS GLASS COMPANY, INC., has offices located in Williamson County, Texas.

## THE PARTIES

4.     Plaintiff is an individual who resides in Williamson County, Texas, and worked for Defendants from February 6, 2017, through February 23, 2018, as an automotive glass installer and was paid on a salary basis.

5.     Defendant, STAR OF TEXAS GLASS COMPANY, INC., is a corporation formed and existing under the laws of the State of Texas and at all times material to this complaint, maintained and operated a business in Williamson County, Texas.

6.     Defendant, JEANELLE WOLSKI, is a resident of Williamson County Texas.

## COMMON ALLEGATIONS

7.     Defendant, STAR OF TEXAS GLASS COMPANY, INC., operates a company primarily engaged in business of glass installation and repair and is an employer as defined by 29 U.S.C. § 203(d).

8.     Defendant, STAR OF TEXAS GLASS COMPANY, INC., has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

9.     At all times material to this complaint, Defendant, STAR OF TEXAS GLASS COMPANY, INC., employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10.     At all times material to this complaint, Defendant, STAR OF TEXAS GLASS COMPANY, INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11.     At all times material hereto, Defendant, JEANELLE WOLSKI, actively ran the business of Defendant, STAR OF TEXAS GLASS COMPANY, INC., on a day-to-day basis and acted directly or indirectly in the interest of Defendant, STAR OF TEXAS GLASS COMPANY, INC., in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work.

12.     Plaintiff was at all times material individually engaged in commerce as his work was directly related to the movement products and information in interstate commerce.

13.     Defendant, JEANELLE WOLSKI, had the ability to hire and fire plaintiff; and, controlled Plaintiff's rate of pay and method of pay, schedule, and conditions of employment and was the Plaintiff's employer as defined by 29 U.S.C. § 203(d).

14.     Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

15.     Plaintiff is also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

16.     Plaintiff has retained the law firm of Ross Law, P.C., to represent him in this action.  Plaintiff has entered into a valid contract with Ross Law, P.C., and has appointed the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff.  To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendants and Defendants' attorneys solely to and through the undersigned counsel.  Plaintiff's contract with and representation by the undersigned attorney gives rise to a claim for reasonable

and necessary attorney's fees that Plaintiff is entitled to collect against Defendants pursuant to 29 U. S. C. § 216(b).

## COUNT I
## UNPAID OVERTIME WAGES

17.    Plaintiff re-alleges and incorporates herein paragraphs 1-16, *supra*.

18.    During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours.  Plaintiff regularly worked 50 to 60 hours per workweek while employed by the Defendants.

19.    Throughout the employment of Plaintiff, the Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.  Defendants regularly paid Plaintiff for his straight time hours only and did not pay any additional premium as required under the FLSA.

20.    As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime wages which were not paid that should have been paid.

21.    The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for all hours worked in excess of 40 per workweek.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment, jointly and severally, against Defendants for the following:

a.      Unpaid overtime wages found to be due and owing;

b.      An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

c.      Prejudgment interest in the event liquidated damages are not awarded;

d.      Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e.      For any such other relief as the Court may find proper, whether at law or in equity.

## COUNT II
## MINIMUM WAGE UNDER FLSA

22.      Plaintiff re-alleges and incorporates herein paragraphs 1-16, *supra*.

23.      This is an action for minimum wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.

24.      Plaintiff worked for Defendants between approximately February 9, 2018, and February 23, 2018 (Plaintiff's last two (2) weeks of employment), but was not paid the then-current minimum wage of $7.25 per hour for all hours worked during the workweek.

25.      Defendants failed to act in good faith and/or reasonably in their efforts

to comply with the FLSA; thus, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

26.     Defendants have willfully failed to pay Plaintiff minimum wages. Defendants either knew, or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

27.     The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of minimum wage compensation.

28.     As a result of Defendants' unlawful conduct, Plaintiff, GREG HALL, is entitled to actual and compensatory damages, including the amount of minimum wages which were not paid, but should have been paid.

29.     Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, GREG HALL, demand Judgment, jointly and severally, against Defendants, STAR OF TEXAS GLASS COMPANY, INC., and JEANELLE WOLSKI, for the following:

a.   Unpaid minimum wages found to be due and owing;

b.   An additional amount equal to the amount of unpaid minimum wage found to be due and owing as liquidated damages;

c.   Prejudgment interest in the event liquidated damages are not awarded;

d.   Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e.   For any such other relief as the Court may find proper, whether at law or in equity.

## COUNT III
## TEXAS MINIMUM WAGE ACT

30.   Plaintiff, GREG HALL, re-alleges and incorporates herein paragraphs 2-16, and 24, *supra*.

31.   This is an action for violation of the Texas Minimum Wage Act, TEX. LABOR CODE § 62 ("TMWA"), to recover unpaid minimum wages, liquidated damages, and attorney's fees and costs owed to Plaintiff by Defendants.

32.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a).Defendants are subject to the TMWA because, during all times relevant to this Complaint, they both qualified under TEX. LABOR CODE § 62.002(6) as employers because they were persons acting directly or indirectly in the interest of an employer in relation to an employee.

33.   Defendants were substantially in control of the terms and conditions of

the Plaintiff's work.

34.    Defendants directed Plaintiff in the performance of his duties.

35.    Defendants handled or caused to be handled various human resources functions, had the ability to hire and/or fire employees, and at all times acted as Plaintiff's "employer."

36.    Plaintiff qualifies as an employee because he was an individual employed by Defendants since he was permitted to work.

37.    The TMWA requires an employer to pay each employee the federal minimum wage of $7.25 per hour worked under the Fair Labor Standards Act of 138, 29 U.S.C. § 206.

38.    Defendants acted willfully and in conscious disregard of the law and of Plaintiff's rights under the TMWA.

39.    As a result of the unlawful conduct of Defendants, Plaintiff is entitled to recover from Defendants actual and compensatory damages, including all unpaid minimum wages owed to Plaintiff.

40.    Under the provisions of the TMWA, TEX. LABOR CODE § 62.201, Defendants are liable to Plaintiff not only for unpaid minimum wages but also for an additional equal amount as liquidated damages.

41.    Under the provisions of the TMWA, TEX. LABOR CODE § 62.205,

Plaintiff is entitled to compensation from Defendants of the out-of-pocket expenses and costs of court he has incurred and will incur in this action and reasonable attorney's fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, GREG HALL, demand Judgment, jointly and severally, against Defendants, STAR OF TEXAS GLASS COMPANY, INC., and JEANELLE WOLSKI, for the following:

    a.    Unpaid minimum wages found to be due and owing;

    b.    An additional amount equal to the amount of unpaid minimum wage found to be due and owing as liquidated damages;

    c.    Prejudgment interest in the event liquidated damages are not awarded;

    d.    Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to TEX. LABOR CODE § 62.205 and Rule 54(d) of the Federal Rules of Civil Procedure; and,

    e.    For any such other relief as the Court may find proper, whether at law or in equity.

## COUNT IV
## BREACH OF CONTRACT

42.    Plaintiff re-alleges and incorporates herein paragraphs 2-6, and 24, *supra*.

43.    On or about February 6, 2017, the Plaintiff and Defendant, STAR OF TEXAS GLASS COMPANY, INC., entered into an oral employment contract.

44.     Pursuant to the terms of the Parties' employment contract, Plaintiff was to be paid a fixed salary for each week of his employment.

45.     Defendant breached the Parties' agreement by not compensating Plaintiff for all of weeks worked at the appropriate agreed upon salary.

46.     As a result of Defendant's breach of the Parties' contract, Plaintiff has been damaged.

47.     All conditions precedent to this contract have occurred, have been waived or have lapsed.

48.     Plaintiff is entitled to recover his attorney's fees and costs incurred as a result of bringing this action pursuant to § 38.001 of the Texas Civil Practice and Remedies Code.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendant, STAR OF TEXAS GLASS COMPANY, INC., for the following:

a.     Awarding Plaintiff his unpaid wages, compensatory damages, attorneys' fees and cost as provided by law;

b.     Awarding Plaintiff pre-judgment interest as provided by law,;

c.     Awarding Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

**ROSS LAW GROUP**

*/s/ Charles L. Scalise*
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701
Ph: (800) 634-8042
Ph: (512) 474-7677
Fax: (512) 474-5306
charles@rosslawgroup.com

**ATTORNEYS FOR PLAINTIFF**

## **VERIFICATION**

    I, GREG HALL, Plaintiff in this action, have read the above and foregoing Verified Amended Complaint and Demand for Jury Trial and the factual statements contained herein are within my personal knowledge, and under penalty of perjury that the foregoing is true and correct.

_____
GREG HALL, Plaintiff

    EXECUTED on this the 18 day of ___2018_____, 2018.