IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
(AUSTIN DIVISION)

| | | |
|---|---|---|
| **GREG HALL,** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.1:18-CV-208-RP** |
| | § | |
| **STAR OF TEXAS GLASS COMPANY, INC.** | § | |
| **and JEANELLE WOLSKI,** | § | |
| **Defendants** | § | |

**DEFENDANTS' SECOND AMENDED ANSWER**
**And FIRST AMENDED COUNTERCLAIM**

TO THE HONORABLE U.S. DISTRICT JUDGE:

Defendants, **STAR OF TEXAS GLASS COMPANY, INC. and JEANELLE WOLSKI**

("Defendants") file this Second Amended Answer, and Defendant **STAR OF TEXAS GLASS**

**COMPANY, INC.** files this First Amended Counterclaim, in response to Plaintiff's Verified

Amended Complaint ("Complaint"), and would show as follows:

## I.      SPECIFIC DENIALS

Defendants make the following specific responses to the allegations in the numbered

paragraphs of Plaintiff's Complaint.

1.      In response to paragraph 1 of the Complaint, Defendants admit that Plaintiff

purports to bring claims and seek damages and attorney's fees under the statute cited in the

paragraph, but deny that Plaintiff is entitled to recover under that statute.

2.      In response to paragraph 2 of the Complaint, Defendants admit that this Court

would have jurisdiction under 28 USC §1337 for a valid claim under the Federal Labor Standards

Act, but Defendants lack knowledge or information sufficient to form a belief about the truth of

Plaintiff's allegation that jurisdiction for Plaintiff's alleged claims is proper under 28 USC §1337.

Defendants deny that 29 USC 216(b) confers a statutory basis for jurisdiction.

3.      In response to paragraph 3 of the Complaint, Defendants admit that venue is proper in this District and that Star of Texas Glass Company, Inc. has offices located in Williamson County, Texas.

4.      In response to paragraph 4 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation of Plaintiff's residency in Williamson County (it is Defendants' knowledge and information that he resides in Bastrop County, Texas); deny that Plaintiff worked for Star of Texas Glass Company from Feb. 6, 2017 through Feb. 23, 2018; admit that Plaintiff worked for Star of Texas Glass Company, Inc. from Feb. 13, 2017 through Feb. 22, 2018, as an automotive glass installer; deny that Plaintiff worked for Jeanelle Wolski from Feb. 6, 2017 through Feb. 23, 2018, or any other time period; and admit that Plaintiff was paid on a salary basis.

5.      In response to paragraph 5 of the Complaint, Defendants admit Star of Texas Glass Company, Inc.'s incorporation and existence in Texas, and its operation of a business in Williamson County, Texas.

6.      In response to paragraph 6 of the Complaint, Defendants admit that Jeanelle Wolski resides in Williamson County, Texas.

## RESPONSE TO COMMON ALLEGATIONS

7.      In response to paragraph 7 of the Complaint, Defendants admit that Star of Texas Glass Company, Inc. operates a business primarily engaged in glass installation and repair, but deny that it is an "employer" as defined in 29 USC §203(d).[1]

---

[1]      29 USC §203(d) "Employer" **includes any person acting directly or indirectly in the interest of an employer in relation to an employee** and includes a public agency, but does not include any labor

8.      In response to paragraph 8 of the Complaint, Defendants admit that Star of Texas Glass Company, Inc. has employees subject to 29 USC §206 in the facility where Plaintiff worked.[2]

9.      In response to paragraph 9 of the Complaint, Defendants admit that Star of Texas Glass Company, Inc. employed two or more employees at all times material to the Complaint, but deny that it had an annual dollar volume of sales or business done of at least $500,000 at all times material to the Complaint.

10.     In response to paragraph 10 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Star of Texas Glass Company, Inc. was an enterprise engaged in interstate commerce or operated a business engaged in commerce or in the production of goods for commerce as defined by 29 USC §203 (r) and (s) at all times material to the Complaint.

11.     In response to paragraph 11 of the Complaint, Defendants admit that Jeanelle Wolski actively ran the business of Star of Texas Glass Company, Inc. on a day-to-day basis and acted directly or indirectly in the interest of that corporation in relation to Plaintiff's work for the corporation at all times material to the Complaint. Defendants deny that Jeanelle Wolski was substantially in control of all of the terms and conditions of Plaintiff's work at all times material to the Complaint (i.e., Defendants admit that Jeanelle Wolski controlled Plaintiff's rate of pay and method of pay and some of the conditions of his employment, but deny that Jeanelle Wolski

---

organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

[2]      29 USC 206(a). Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the [specified rates].

controlled Plaintiff's schedule and other conditions of his employment).

12.     In response to paragraph 12 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff was at all times material individually engaged in commerce as his work was directly related to the movement [of] products and information in interstate commerce.

13.     In response to paragraph 13 of the Complaint, Defendants admit that Jeanelle Wolski had the ability to hire and fire Plaintiff. Defendants admit that Jeanelle Wolski controlled Plaintiff's rate of pay and method of pay and some of the conditions of his employment, but deny that Jeanelle Wolski controlled Plaintiff's schedule and other conditions of his employment. As pertains to Plaintiff, Defendants admit that Jeanelle Wolski falls within the definition of "employer" as defined by 29 USC §203(d).[3]

14.     In response to paragraph 14 of the Complaint, Defendants deny that that they failed to act reasonably to comply with the FLSA, and deny that Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 USC §216(b).

15.     In response to paragraph 15 of the Complaint, Defendants deny that Plaintiff is entitled to an award of attorney's fees, costs, expert fees, mediator fees and out of pocket expenses pursuant to 29 USC §216(b) and Fed.R.Civ.P. 54(d).

16.     In response to paragraph 16 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, except that Defendants

---

[3]     29 USC §203(d) "Employer" **includes any person acting directly or indirectly in the interest of an employer in relation to an employee** and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

deny that Plaintiff is entitled to collect any attorney's fees against Defendants.

## RESPONSE TO COUNT 1:  UNPAID OVERTIME WAGES

17.     In response to paragraph 17 of the Complaint, Defendants incorporate by reference their responses to paragraphs 1-16 of the Complaint.

18.     In response to paragraph 18 of the Complaint, Defendants deny that during one or more weeks of Plaintiff's work for Star of Texas Glass Company, Inc. that Plaintiff worked in excess of forty (40) hours, and deny that Plaintiff regularly worked 50-60 hours per workweek while working for Star of Texas Glass Company, Inc. Defendants deny that that Plaintiff was employed by or worked for Jeanelle Wolski.

19.     In response to paragraph 19 of the Complaint, Defendants deny that they repeatedly and willfully violated sections 7 and 15 of the FLSA (i.e., 29 USC §207 and §215) by failing to compensate Plaintiff at a rate not less than 1½ times his regular rate of pay for each hour worked in excess of 40 in a workweek. Defendants admit that they regularly paid Plaintiff for his straight time hours only and did not pay any additional premium as required under FLSA (other than a Christmas bonus).

20.     In response to paragraph 20 of the Complaint, Defendants deny that they committed any unlawful conduct, and therefore, deny that Plaintiff is entitled to actual and compensatory damages, including any overtime wages that were not paid but should have been paid.

21.     In response to paragraph 21 of the Complaint, Defendants deny that they committed the acts described in the preceding paragraphs that Plaintiff claims are violations of the FLSA. The remaining part of Paragraph 21 of the Complaint contains an alleged statement of law and/or legislative purpose, not a statement of facts nor an assertion of the application of law to facts, and

therefore does not require an admission or denial (i.e., that the FLSA prohibits the denial of overtime compensation for all hours worked in excess of 40 per week).

Defendants deny that Plaintiff is entitled to the judgment demanded in the Prayer on page 6 of the Complaint.

## RESPONSE TO COUNT 2:  MINIMUM WAGE UNDER FLSA

22.      In response to paragraph 22 of the Complaint, Defendants incorporate by reference their responses to paragraphs 1-16 of the Complaint.

23.      Paragraph 23 of the Complaint contains a generic description of Plaintiff's action as one for minimum wage compensation under the FLSA, which is not a statement of facts or an assertion of the application of law to facts, and therefore does not require an admission or denial.

24.      In response to paragraph 24 of the Complaint, Defendants admit that Plaintiff worked for Star of Texas Glass Company, Inc. between approximately Feb. 9, 2018 and Feb. 22, 2018, but deny that he worked through Feb. 23, 2018; and, deny that he was not paid the then-current minimum wage of $7.25 per hour for all hours worked during the workweek. Defendants deny that Plaintiff worked for Jeanelle Wolski during those two weeks.

25.      In response to paragraph 25 of the Complaint, Defendants deny that they failed to act in good faith and/or reasonably in their efforts to comply with the FLSA, and deny that Plaintiff is entitled to liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 USC §216(b).

26.      In response to paragraph 26 of the Complaint, Defendants deny that they willfully failed to pay Plaintiff minimum wages. Defendants deny that they either knew, or showed reckless disregard for the matter of whether, their conduct was prohibited by the FLSA, and deny that they

failed to act diligently with regard to an employer's obligations under the FLSA.

27.     In response to paragraph 27 of the Complaint, Defendants deny that they committed the acts described in the preceding paragraphs that Plaintiff claims are violations of the FLSA. The remaining part of Paragraph 27 of the Complaint contains an alleged statement of law and/or legislative purpose, not a statement of facts requiring an admission or denial (i.e., that the FLSA prohibits the denial of minimum wage compensation).

28.     In response to paragraph 28 of the Complaint, Defendants deny that they committed any unlawful conduct, and therefore, deny that Plaintiff is entitled to actual and compensatory damages, including any minimum wages that were not paid but should have been paid.

29.     In response to paragraph 29 of the Complaint, Defendants deny that Plaintiff is entitled to an award of attorney's fees, costs, expert fees, mediator fees and out of pocket expenses pursuant to 29 USC §216(b) and Fed.R.Civ.P. 54(d).

Defendants deny that Plaintiff is entitled to the judgment demanded in the Prayer on pages 7-8 of the Complaint.


### RESPONSE TO COUNT 3:  TEXAS MINIMUM WAGE ACT

30.     In response to paragraph 30 of the Complaint, Defendants incorporate by reference their responses to paragraphs 2-16 and 24 of the Complaint.

31.     Paragraph 31 of the Complaint contains a generic description of Plaintiff's action as one for minimum wage compensation and other relief under the Texas Minimum Wage Act, Tex. Lab. Code chapter 62, which is not a statement of facts or an assertion of the application of law to facts, and therefore does not require an admission or denial.

32.     In response to paragraph 32 of the Complaint, Defendants admit that this Court

would have jurisdiction over Plaintiff's state statutory claim if this Court has proper jurisdiction over Plaintiff's federal statutory claims; however, Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation in paragraph 2 of the Complaint that jurisdiction for Plaintiff's alleged claims is proper under 28 USC §1337. Defendants deny that Star of Texas Glass Company, Inc. is an "employer" as defined in Tex. Lab. Code §62.002(6).[4] As pertains to Plaintiff, Defendants admit that Jeanelle Wolski is an "employer" as defined in Tex. Lab. Code §62.002(6).

33.     In response to paragraph 33 of the Complaint, Defendants deny that they were substantially in control of all of terms and conditions of Plaintiff's work (i.e., Defendants admit that Jeanelle Wolski controlled Plaintiff's rate of pay and method of pay and some of the conditions of his employment, but deny that Jeanelle Wolski controlled Plaintiff's schedule and other conditions of his employment).

34.     In response to paragraph 34 of the Complaint, the allegation is vague in meaning and Defendants request a more specific statement as to the meaning of the allegation that Defendants directed Plaintiff in the performance of his duties. Defendants admit that they generally directed Plaintiff in the performance of his duties, and admit that they specifically directed him in the performance of some of his duties, but deny that they specifically directed Plaintiff in the performance of all of his duties.

35.     In response to paragraph 35 of the Complaint, the allegation is vague in meaning and Defendants request a more specific statement as to the meaning of the allegation that Defendants handled or caused to be handled various human resources functions. Defendants admit

---

[4]     Tex. Lab. Code §62.002(6):  "Employer" includes a person acting directly or indirectly in the interest of an employer in relation to an employee.

that Star of Texas Glass Company, Inc. handled or caused to be handled the payment of Plaintiff's compensation to him; but, deny that Defendants handled or caused to be handled various other human resources functions. Defendants admit that they had the ability to hire and/or fire employees. Defendants admit that Star of Texas Glass, Inc. was Plaintiff's employer. Defendants deny that Jeanelle Wolski was Plaintiff's employer. As pertains to Plaintiff, Defendants admit that Jeanelle Wolski is an "employer" as defined in Tex. Lab. Code §62.002(6).

36.     In response to paragraph 36 of the Complaint, Defendants admit that Plaintiff qualifies as an employee because he was an individual employed by Star of Texas Glass Company, Inc. since he was permitted to work for Star of Texas Glass Company, Inc. Defendants deny that Jeanelle Wolski employed Plaintiff.

37.     Paragraph 37 of the Complaint contains a statement of law concerning the Texas Minimum Wage Act, Tex. Lab. Code chapter 62, which is not a statement of facts or an assertion of the application of law to facts, and therefore does not require an admission or denial.

38.     In response to paragraph 38 of the Complaint, Defendants deny that they acted willfully and in conscious disregard of the law and of Plaintiff's rights under the Texas Minimum Wage Act.

39.     In response to paragraph 39 of the Complaint, Defendants deny that they committed any unlawful conduct, and therefore, deny that Plaintiff is entitled to actual and compensatory damages, including any minimum wages allegedly owed to Plaintiff.

40.     Paragraph 40 of the Complaint contains a statement of law concerning the Texas Minimum Wage Act, Tex. Lab. Code §62.201 concerning civil penalties recoverable for a violation of the Act, which is not a statement of facts or an assertion of the application of law to facts, and therefore does not require an admission or denial. Defendants deny that they are liable

to Plaintiff under such statute.

41.     Paragraph 41 of the Complaint contains a statement of law concerning the Texas Minimum Wage Act, Tex. Lab. Code §62.205 concerning attorney's fees and costs recoverable in a judgment for a violation of the Act, which is not a statement of facts or an assertion of the application of law to facts, and therefore does not require an admission or denial. Defendants deny that they are liable to Plaintiff for such amounts. Defendants deny that §62.205 provides for a recovery of out-of-pocket expenses as asserted by Plaintiff.

Defendants deny that Plaintiff is entitled to the judgment demanded in the Prayer on page 10 of the Complaint.

### RESPONSE TO COUNT 4:  BREACH OF CONTRACT

42.     In response to paragraph 42 of the Complaint, Defendants incorporate by reference their responses to paragraphs 2-16 and 24 of the Complaint.

43.     In response to paragraph 43 of the Complaint, Defendants deny that on or about Feb. 6, 2017, Plaintiff and Star of Texas Glass Company, Inc. entered into an oral employment contract. Defendants admit that Plaintiff and Star of Texas Glass Company, Inc. entered into an oral employment contract, under which Plaintiff started work on February 13, 2017, and in which Defendants instructed Plaintiff that he was to not work any overtime hours.

44.     In response to paragraph 44 of the Complaint, Defendants admit that pursuant to the terms of the alleged employment contract, Plaintiff was to be paid a fixed salary for each week of his employment.

45.     In response to paragraph 45 of the Complaint, Defendants deny that Star of Texas Glass Company, Inc. breached the alleged employment agreement by not compensating Plaintiff

for all of the weeks worked at the appropriate agreed upon salary.

46.     In response to paragraph 46 of the Complaint, Defendants deny that as a result of such alleged breach, Plaintiff has been damaged.

47.     In response to paragraph 47 of the Complaint, Defendants deny that all conditions precedent to the alleged employment contract have occurred, have been waived or have lapsed.

48.     In response to paragraph 48 of the Complaint, Defendants deny that Plaintiff is entitled to recover his attorney's fees and costs pursuant to Tex.Civ.Pract. & Rem. Code §38.001.

Defendants deny that Plaintiff is entitled to the judgment demanded in the Prayer on page 11 of the Complaint.

## II.
## ADDITIONAL DEFENSES & AFFIRMATIVE DEFENSES

1.     The Complaint and each and every claim alleged therein fails to state facts sufficient to state a claim upon which relief can be granted to Plaintiff or against Defendants.

2.     Alternatively, the Complaint, including any purported claim for relief alleged in the Complaint, is barred by the doctrine of **unclean hands** by reason of Plaintiff's conduct and actions in relation to any and all claims made by Plaintiff and in relation to his work for Star of Texas Glass Company, Inc.

3.     Alternatively, as to Plaintiff's claim of any contractual agreement between either Defendant and Plaintiff, Defendants assert the affirmative defense of **failure of consideration**.

4.     Alternatively, Defendants assert the **outside salesman statutory exemption** under FLSA §213(a)(1).

5.     Alternatively, Defendants assert the affirmative defense that Plaintiff breached the oral employment agreement before any alleged breach by Star of Texas Glass Company, Inc.,

thereby **excusing** performance by such Defendant under that agreement.

6.     Alternatively, Defendants assert the affirmative defense of **payment** in that Plaintiff has been paid all sums by Star of Texas Glass Company, Inc. to which Plaintiff is entitled for the period of time in which he actually worked for and/or performed services for Star of Texas Glass Company, Inc.

7.     Alternatively, Defendants assert the affirmative defense of **offset** in the amount of all sums paid by Star of Texas Glass Company, Inc. to Plaintiff, including without limitation, any sums paid for non-compensable time spent by Plaintiff for which he previously claimed compensation while employed by Star of Texas Glass Company, Inc.

8.     Alternatively, Defendants assert the affirmative defense of **estoppel** in that Plaintiff, while employed by Star of Texas Glass Company, Inc., did not report any overtime hours to Defendants, and accepted a benefit from Star of Texas Glass Company, Inc., and yet, Plaintiff now takes the position that he worked overtime hours while so employed.

9.     Alternatively, Defendants assert the affirmative defense of **waiver** in that Plaintiff engaged in certain acts and failed to take certain actions constituting waiver, including without limitation, (a) accepting amounts paid to him by Star of Texas Glass Company, Inc. without any complaint that he was not being fully compensated or was not receiving some alleged additional amount to which he now claims he was entitled, and (b) not reporting overtime hours.

10.     Alternatively, Defendants assert that Star of Texas Glass Company, Inc. specifically instructed Plaintiff to not work any overtime hours.

11.     Alternatively, Plaintiff did not report any alleged overtime hours to Defendants. Therefore, Defendants assert that Defendants could not have known or had no reason to know that Plaintiff was allegedly working more than 40 hours per work week.

12

12.     This lawsuit is not the first time that Plaintiff has sued a former employer for alleged overtime compensation. *See* Civil Action #1:09-CV-00905-SS, *Greg Hall v. Pope Pro Enterprises, Inc.,* U. S. District Court for the Western District of Texas (Austin Div.). Therefore, pleading alternatively, Defendants assert the affirmative defense of **fraud by non-disclosure** in that Plaintiff did not report any alleged overtime hours to Defendants while employed by Star of Texas Glass Company, Inc., but instead accepted his weekly fixed salary without any notice to Star of any alleged overtime hours. Plaintiff concealed certain material facts from, or failed to disclose certain material facts to, Star for which Plaintiff had a duty to disclose, including without limitation, his actual work hours. Plaintiff knew that Star did not know the true state of facts and did not have an equal opportunity to discover the true state of facts. Plaintiff was deliberately silent when he had a duty to speak. Star relied on Plaintiff's non-disclosure in continuing to pay him the agreed upon weekly fixed salary.

13.     Alternatively, Defendants assert the affirmative defense of **fraud by non-disclosure** in that Plaintiff did not report certain material facts to Star. Plaintiff concealed from or failed to disclose certain material facts to Star for which Plaintiff had a duty to disclose, including without limitation, his actual work hours for Star and the actual hours he worked on personal side jobs while he was supposed to be working for Star; the amount of glass and supplies he ordered for, and used on, Star jobs, and the amount of glass and supplies he ordered on Star's account at American Glass Distributors but used on his personal side jobs without authority from Star and without reimbursing Star for the glass and supplies used on such personal side jobs (including personal side jobs performed while he was supposed to be working for Star); and, the amounts collected by him from the personal side jobs he performed for which he did not account to Star (including personal side jobs performed while he was supposed to be working for Star). Plaintiff

knew that Star did not know the true state of facts and did not have an equal opportunity to discover the true state of facts. Plaintiff was deliberately silent when he had a duty to speak. Defendants relied on a state of facts it believed to be in existence because of Plaintiff's non-disclosures by continuing to pay him the agreed upon weekly fixed salary and by continuing to allow him to purchase glass and supplies on Star's account at American Glass Distributors.

14.     Alternatively, Defendants assert the acts or omissions alleged by Plaintiff as the basis of his action were committed by Defendants in **good faith** and Defendants had reasonable grounds for believing that such acts or omissions were not a violation of the FLSA.

15.     Alternatively, Plaintiff's attorney is not entitled to recover attorneys' fees from Defendants because that attorney has a conflict of interest in that (a) he formally represented Star of Texas Glass Company, Inc. in a prior legal matter similar to or substantially related to the case before this Court, or (b) his current representation of Plaintiff is in a matter adverse to his former client where the representation in reasonable probability will involve (i) the disclosure of confidential information of the former client, or (ii) the use of confidential information of the client or former client to the disadvantage of the former client, or (iii) the use of privileged information of a client for the advantage of the lawyer or Plaintiff. *See* Texas Disciplinary Rule of Professional Conduct 1.09. Alternatively, Plaintiff's attorney is not entitled to recover attorneys' fees from Defendants because that attorney's representation of Plaintiff involves a substantially related matter in which Plaintiff's interests are materially and directly adverse to the interests of another client of the attorney, namely, Star of Texas Glass Company, Inc. *See* Texas Disciplinary Rule of Professional Conduct 1.06.

### III.
### COUNTERCLAIMS

Defendant **STAR OF TEXAS GLASS COMPANY, INC.** files these counterclaims:

### IV.   TOOLS & WORK VAN

1.     When Plaintiff was hired by Star of Texas Glass Company, Inc. and started work on February 13, 2017, the company provided him with a work vehicle, and with the following tools: a rock chip kit with 12-volt battery Dremel tool, a "Big Dawg" Equalizer Express cutting tool (serial #BD21565), a Milwaukee brand battery operated caulk gun, and a cell phone. The van and tools were provided to Plaintiff to use for his work for the company.

2.     Plaintiff knew that the work vehicle was not available for his personal use, or for use other than for the business of Star of Texas Glass Company, Inc.

3.     When Plaintiff left his employment with Star of Texas Glass Company, Inc. on Thursday, February 22, 2018, he did not immediately return the work vehicle (a Ford Transit Cargo Van) nor any of the above-named tools to Star of Texas Glass Company, Inc.

4.     When Plaintiff did not immediately return the van, Star of Texas Glass Company, Inc. made written demand on Plaintiff on February 23, 2018, to return the van. When Plaintiff thereafter failed to return the van, Star of Texas Glass Company, Inc. went and picked it up at Plaintiff's residence on Sunday, February 25, 2018.

5.     Plaintiff has still not returned the tools, despite written demand from Star of Texas Glass Company, Inc. to Plaintiff made on February 23, 25 and 27, 2018, and also sent to Plaintiff on March 12, 2018.

6.     Star of Texas Glass Company, Inc. estimates that the daily rental rate or value for a fully equipped van with all tools and equipment is $500 a day. Three days rental rate or value

would be at least approximately $1,500.00.

7.      The total value of the tools kept by Plaintiff is approximately $1,000.00.

8.      As a result of Plaintiff's failure to return the van and tools, Star of Texas Glass Company, Inc. has been damaged in an amount of at least $2,500.00, plus the expense incurred by Star of Texas Glass Company, Inc. to retrieve the van.

9.      **Texas Theft Liability Act**. Plaintiff's failure to return the van and tools constitutes violations of the Texas Theft Liability Act, Tex.Civ.Pract. & Rem. Code chapter 134. Plaintiff unlawfully appropriated, secured or stole property of Star of Texas Glass Company, Inc., with the intent to deprive Star of Texas Glass Company, Inc. of the property, and without Star of Texas Glass Company, Inc.'s consent, thereby committing theft as defined by Texas Penal Code §31.03, who sustained damages as a result of the theft. Under the Texas Theft Liability Act, Plaintiff is liable to Star of Texas Glass Company, Inc. for actual damages, plus statutory damages of $1000, plus court costs and reasonable and necessary attorney's fees, for which Star of Texas Glass Company, Inc. hereby sues.

10.     **Conversion**. Alternatively, Plaintiff's failure to return the van and tools constitutes conversion. Star of Texas Glass Company, Inc. owned the van and tools. Plaintiff wrongfully exercised dominion or control over the van and tools, without Star of Texas Glass Company, Inc.'s consent, thereby depriving Star of Texas Glass Company, Inc. of the free use and enjoyment of the van and tools and proximately causing actual damages to Star of Texas Glass Company, Inc. for which it hereby sues.

11.     Alternatively, Star of Texas Glass Company, Inc. seeks return of the tools plus an award of the reasonable rental value of the tools for the period of time after February 22, 2017 until return of the tools to Star of Texas Glass Company, Inc. so as to compensate Star of Texas

Glass Company, Inc. for its loss of use of the tools during such time period.

12.     **Exemplary Damages.** Plaintiff committed the above-described acts of conversion and theft with malice, thereby entitling Star of Texas Glass Company, Inc. to recover exemplary damages from Plaintiff. Tex.Civ.Pract. & Rem. Code §41.003(a)(2).

13.     **Pre-judgment Interest.** Star of Texas Glass Company, Inc. also seeks pre-judgment interest on any actual damages awarded to it related to the van and tools, at the highest interest rate allowed by law, and for the period of time after February 22, 2017 until return of the van and tools to Star of Texas Glass Company, Inc., or until judgment.

## V.     STOLEN GLASS & SUPPLIES,<br>LOST REVENUE/PROFITS

14.     During the time that Plaintiff worked for Star of Texas Glass Company, Inc. ("Star"), Star specifically instructed him to not work any overtime hours, therefore, any alleged overtime hours worked by Plaintiff were not authorized. While employed by Star, Plaintiff failed to disclose to Defendants any alleged overtime hours worked by him for Star.

15.     During the time that Plaintiff worked for Star, he was authorized to order materials, such as automotive window glass, and related supplies on Star's account at American Glass Distributors for the installation and repair of glass on automotive vehicles for Star's customers or for parties who had requested Star's services. American Glass Distributors would then invoice Star once a month for materials and supplies ordered by Plaintiff, and Star would pay American Glass Distributors. After Plaintiff completed a particular job, he would complete and send a Service Order to Star with the relevant information for the particular job, and Star would then invoice the customer or the vehicle owner (or their insurer) for the job.

16.     Plaintiff was not authorized to order materials and supplies on Star's account at American Glass Distributors for work on other vehicles, or for any business other than the business of Star of Texas Glass Company, Inc., or for his personal use or for any "side business" or "side jobs" of his own.

17.     Plaintiff's misrepresentations and failure to disclose material facts included:

a.     In or about June 2017, Ms. Wolski noticed that the invoice from American Glass Distributors seemed unusually high, and she could not match some of the glass on that invoice with Plaintiff's Service Orders. When she asked Plaintiff about it shortly thereafter, he initially blamed another Star of Texas Glass Company, Inc. ("Star") employee. When Ms. Wolski repeated that she could not match some of the glass on that invoice with Plaintiff's Service Orders, Plaintiff said he would look into it and get back with her.

b.     After Star received the July 2017 invoice from American Glass Distributors, Ms. Wolski again noticed that the invoice from American Glass Distributors seemed unusually high, and she could not match some of the glass on that invoice with Plaintiff's Service Orders. In early August 2017, Ms. Wolski went to the Mazda South dealership in Austin, Texas, where Plaintiff was doing a job for Star and showed him the glass invoice and asked him about it. Plaintiff said that all of the glass he had ordered was for Star jobs. He then took the glass invoice and wrote some vehicle information beside the glass orders, saying that those orders were for Star jobs he had performed. He blamed his helper, Richard Reed Ranson for doing a poor job of accounting for the glass. Subsequently, when Ms. Wolski still could not match Plaintiff's handwritten vehicle information from the glass invoice with

Plaintiff's Service Orders, she told Plaintiff about it, and he replied that he did not know what to tell her, that all of that glass that he ordered was for Star jobs.

    c.    For the next several months, Ms. Wolski could not match some of the glass ordered by Plaintiff that appeared on the American Glass Distributors invoice with Plaintiff's Service Orders submitted to Star. Each time when she asked Plaintiff about the discrepancy, he said that the glass was for Star jobs that he had performed.

    d.    Then again, in a text sent January 10, 2018, by Ms. Wolski to Plaintiff, she brought up a discrepancy between the American Glass Distributors invoice reflecting approximately $1,300 in glass ordered by Plaintiff, but that he had only submitted Service Orders to Star accounting for approximately $700-800 in glass. IN a subsequent phone conversation between Plaintiff and Ms. Wolski, Plaintiff repeated his prior statements.

18.    Based on information and belief, Defendant Star asserts that during the time that Plaintiff was employed by Star:

    a.    While he was supposed to be working for Star and/or during hours for which he was paid wages by Star, Plaintiff worked on personal side jobs, that is, work on vehicles for which he did not send a Service Order to Star;

    b.    Received wages from Star for time spent by Plaintiff on personal side jobs;

    c.    Ordered glass and supplies on Star's account at American Glass Distributors but used some of that glass and supplies on his personal side jobs without authority from Star and without reimbursing Star for the glass and supplies used on such personal side jobs (including personal side jobs performed while he was supposed to be working for Star and/or during hours for which he was paid wages by Star);

    d.   Ordered and obtained such glass and supplies for such personal side jobs while he was supposed to be working for Star and/or during hours for which he was paid wages by Star; and,

    e.   Collected the proceeds from such personal side jobs he performed but did not account to Star for those proceeds (including personal side jobs performed while he was supposed to be working for Star and/or during hours for which he was paid wages by Star).

19.    Had Plaintiff disclosed these side jobs to Star, then Star would have invoiced the customer or vehicle owner, and would have received the revenue on that particular job. Upon information and belief, Plaintiff charged these customers or vehicle owners for his work on their vehicle and then pocketed the payment for the job without reporting the job or the payment to Star. Plaintiff also did not pay or reimburse Star for the materials and supplies he ordered on Star's account at American Glass Distributors for these jobs.

20.    Based on a review of the invoices from American Glass Distributors, and comparison of those invoices with the Service Orders submitted by Plaintiff to Star, there is approximately $7000 in automotive glass (approximately 65 pieces of automotive glass identified so far) that Plaintiff obtained through his unauthorized use of Star's account at American Glass Distributors.

21.    Based upon that same review and comparison, there is approximately at least $140.00 in supplies that has been identified so far (and maybe more) that was ordered by Plaintiff from American Glass Distributors for which, based upon information and belief, Plaintiff did not account for to Star. Star has paid American Glass Distributors for this automotive glass and those supplies.

22.     On February 25 and 27, 2018, Star of Texas Glass Company, Inc. made written demand on Plaintiff to return such glass and supplies to Star of Texas Glass Company, Inc.

23.     Plaintiff has admitted that he still possesses a windshield that he ordered on Star's account at American Glass Distributors. Star has demanded return of that windshield, but has not received the windshield nor payment for it from Plaintiff.

24.     To date, Star of Texas Glass Company, Inc. ("Star") has identified approximately sixty-five (65) pieces of automotive glass that Plaintiff obtained through his unauthorized use of Star's account at American Glass Distributors in that Plaintiff has not accounted to Star for the eventual use of that glass on a customer's vehicle.

25.     Upon information and belief, Star lost the revenue on these "side jobs" because, upon information and belief, Plaintiff charged those customers or vehicle owners for his work on their vehicle and then pocketed the payment for the job without reporting the job or the payment to Star. At this time, Star does not know the amount of revenue collected by Plaintiff for these "side jobs."

26.     Alternatively, Star has been damaged by Plaintiff because Star lost the profit that it would have received on these "side jobs" had Plaintiff properly accounted to Star for the jobs and given Star the opportunity to bill for those jobs. Star estimates that its anticipated profit from Plaintiff's "side jobs" is between $7000 and $8000.

27.     **FRAUD.**   In connection with the foregoing side jobs and in connection with the discrepancies between the American Glass Distributors' invoices to Star of Texas Glass Company, Inc. ("Star") and Plaintiff's Service Orders submitted to Star:

> a.   Plaintiff made one or more material and false representations to Star as set forth above, knowing the representations to be false, with the intent that Star act on the

representations or not investigate the matter any further. Star relied on the representations, including without limitation, by continuing to permit Plaintiff to order glass on Star's account at American Glass Distributors. Plaintiff's representations proximately caused damages to Star; and,

**b.** Plaintiff concealed from or failed to disclose certain material facts to Star for which Plaintiff had a duty to disclose, including without limitation:

   **1)** the ultimate use by Plaintiff of all of the glass he obtained from American Glass Distributors;

   **2)** his actual work hours for Star and the actual hours he worked on personal side jobs while he was supposed to be working for Star;

   **3)** the amount of glass and supplies he ordered for, and used on, Star jobs, and the amount of glass and supplies he ordered on Star's account at American Glass Distributors but used on his personal side jobs without authority from Star and without reimbursing Star for the glass and supplies used on such personal side jobs (including personal side jobs performed while he was supposed to be working for Star); and,

   **4)** the amounts collected by him from the personal side jobs he performed for which he did not account to Star (including personal side jobs performed while he was supposed to be working for Star).

**c.** Plaintiff knew that Star did not know the true state of facts and did not have an equal opportunity to discover the true state of facts. Plaintiff was deliberately silent when he had a duty to speak. By failing to disclose the true state of facts, Plaintiff intended to induce Star to: (1) take some action, including without limitation, to

continue to permit Plaintiff to order glass on Star's account at American Glass Distributors and continuing to pay him the agreed upon weekly fixed salary, or (2) refrain from acting, including without limitation, to not investigate the matter any further, and/or to not stop paying him the agreed upon weekly fixed salary, and/or to not cancel Plaintiff's authority to order glass on Star's account at American Glass Distributors, and/or to not bill for Plaintiff's "side jobs.".

    **d.**   Star relied on Plaintiff's non-disclosure, proximately causing injury to Star, which includes without limitation: (1) the cost of the glass and supplies used by Plaintiff on his personal side jobs which he obtained through Star's account at American Glass Distributors and which Star has had to pay American Glass Distributors; and (2) the lost revenue pocketed by Plaintiff from these "side jobs", or alternatively, the lost profits that Star would have received on these "side jobs" had Plaintiff properly accounted to Star for the jobs and given Star the opportunity to bill and collect for those jobs.

28.    **TEXAS THEFT LIABILITY ACT**. Alternatively, Plaintiff's actions in obtaining possession of materials and supplies on Star's account at American Glass Distributors without authority and without accounting to Star of Texas Glass Company, Inc. for such purchases, and Plaintiff's actions in performing "side jobs" (including any side jobs performed while he was supposed to be working for Star or during hours for which he was paid wages by Star) without accounting to Star for the revenue collected ~~or that could have been collected~~, constitutes violations of the Texas Theft Liability Act, Tex.Civ.Pract. & Rem. Code chapter 134. Plaintiff unlawfully appropriated, secured or stole property of Star of Texas Glass Company, Inc., with the intent to deprive Star of Texas Glass Company, Inc. of the property, and without Star of Texas Glass

Company, Inc.'s consent, thereby committing theft as defined by Texas Penal Code §31.03, who sustained damages as a result of the theft. Under the Texas Theft Liability Act, Plaintiff is liable to Star of Texas Glass Company, Inc. for actual damages, including without limitation, (1) the cost of the glass and supplies used by Plaintiff on his personal side jobs which he obtained through Star's account at American Glass Distributors and which Star has had to pay American Glass Distributors; and (2) the lost revenue pocketed by Plaintiff from these "side jobs", or alternatively, the lost profits that Star would have received on these "side jobs" had Plaintiff properly accounted to Star for the jobs and given Star the opportunity to bill and collect for those jobs. Additionally, Star is entitled to statutory damages of $1000 for each act of theft, plus court costs and reasonable and necessary attorney's fees, for which Star of Texas Glass Company, Inc. hereby sues.

29.     **CONVERSION**. Alternatively, Plaintiff's actions in ordering materials and supplies on Star's account at American Glass Distributors without authority and without accounting to Star of Texas Glass Company, Inc. for such purchases, and Plaintiff's actions in performing "side jobs" (including any side jobs performed while he was supposed to be working for Star or during hours for which he was paid wages by Star) without accounting to Star for the revenue collected or that could have been collected, constitutes conversion. Plaintiff used Star's account at American Glass Distributors to acquire unauthorized possession of the above-described glass and supplies. Plaintiff wrongfully exercised dominion or control over such glass and supplies, without Star of Texas Glass Company, Inc.'s consent, thereby depriving Star of Texas Glass Company, Inc. of the free use and enjoyment of such glass and supplies and proximately causing actual damages to Star, including without limitation, (1) the cost of the glass and supplies used by Plaintiff on his personal side jobs which he obtained through Star's account at American Glass Distributors and which Star has had to pay American Glass Distributors; and (2) the lost revenue

24

pocketed by Plaintiff from these "side jobs", or alternatively, the lost profits that Star would have received on these "side jobs" had Plaintiff properly accounted to Star for the jobs and given Star the opportunity to bill and collect for those jobs.

30.     **BREACH OF FIDUCIARY DUTY.**  Plaintiff, as an employee of Star, owed a fiduciary duty to his employer, Star, including without limitation, the duty of loyalty and the duty of full disclosure. Plaintiff breached those duties, including without limitation, by performing "side jobs" when he was supposed to be working for Star and/or during hours for which he was paid wages by Star, by performing "side jobs" without accounting to Star for any revenue generated from those jobs, by failing to disclose those "side jobs" to Star, and, by using Star's credit at American Glass Distributors to obtain supplies for those jobs and without disclosing such actions to Star. Plaintiff's breaches proximately caused damages to Star, including without limitation, (1) the cost of the glass and supplies used by Plaintiff on his personal side jobs which he obtained through Star's account at American Glass Distributors and which Star has had to pay American Glass Distributors; and (2) the lost revenue pocketed by Plaintiff from these "side jobs", or alternatively, the lost profits that Star would have received on these "side jobs" had Plaintiff properly accounted to Star for the jobs and given Star the opportunity to bill and collect for those jobs.

31.     **TORTIOUS INTERFERENCE WITH CONTRACT.**  Alternatively, to the extent that Plaintiff's "side jobs" were performed by Plaintiff for existing customers of Star (including any "side jobs" performed while Plaintiff was supposed to be working for Star and/or during hours for which he was paid wages by Star), then Star alleges that Plaintiff intentionally and willfully interfered with those existing contracts, proximately causing damages to Star, including without limitation, (1) the cost of the glass and supplies used by Plaintiff on his personal

side jobs which he obtained through Star's account at American Glass Distributors and which Star has had to pay American Glass Distributors; and (2) the lost revenue pocketed by Plaintiff from these "side jobs", or alternatively, the lost profits that Star would have received on these "side jobs" had Plaintiff properly accounted to Star for the jobs and given Star the opportunity to bill and collect for those jobs.

32.    **TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL or BUSINESS RELATIONSHIP.**    Alternatively, to the extent that Plaintiff's "side jobs" were performed by Plaintiff for persons that were not existing customers of Star (including any "side jobs" performed while Plaintiff was supposed to be working for Star and/or during hours for which he was paid wages by Star), then there was a reasonable probability that the person for whim Plaintiff performed the "side job" would have entered into a business relationship with Star. Plaintiff intentionally and tortuously interfered to prevent that relationship from occurring, with the purpose of harming Star. Plaintiff's interference proximately caused damages to Star, including without limitation, (1) the cost of the glass and supplies used by Plaintiff on his personal side jobs which he obtained through Star's account at American Glass Distributors and which Star has had to pay American Glass Distributors; and (2) the lost revenue pocketed by Plaintiff from these "side jobs", or alternatively, the lost profits that Star would have received on these "side jobs" had Plaintiff properly accounted to Star for the jobs and given Star the opportunity to bill and collect for those jobs.

33.    **EXEMPLARY DAMAGES.** Plaintiff committed the acts described above in this section with fraud or malice, thereby entitling Star of Texas Glass Company, Inc. to recover exemplary damages from Plaintiff. Tex.Civ.Pract. & Rem. Code §41.003(a)(1) & (2).

34.   **BREACH OF CONTRACT.**   Alternatively, Plaintiff breached his employment contract with Star, including without limitation, by performing "side jobs" while Plaintiff was supposed to be working for Star and/or during hours for which he was paid wages by Star, by performing "side jobs" without accounting to Star for any revenue generated from those jobs, by failing to disclose those "side jobs" to Star, and, by using Star's credit at American Glass Distributors to obtain supplies for those jobs and without disclosing such actions to Star. Plaintiff's breaches proximately caused damages to Star, including without limitation, (1) the receipt of wages from Star for time spent by Plaintiff on personal side jobs, (2) the cost of the glass and supplies used by Plaintiff on his personal side jobs which he obtained through Star's account at American Glass Distributors and which Star has had to pay American Glass Distributors; and (3) the lost revenue pocketed by Plaintiff from these "side jobs", or alternatively, the lost profits that Star would have received on these "side jobs" had Plaintiff properly accounted to Star for the jobs and given Star the opportunity to bill and collect for those jobs. Also, Star is entitled to recover its reasonable and necessary attorney's fees and costs of court for such breach of contract, pursuant to Tex.Civ.Pract. & Rem. Code chapter 38.

35.   **PRE-JUDGMENT INTEREST.** Star of Texas Glass Company, Inc. also seeks any and all pre-judgment interest to which it is entitled on its actual damages, including withpout limitation, any pre-judgment interest to which it is entitled on: (a) any actual damages awarded to it related to the above-described glass and supplies, at the highest interest rate allowed by law, and for the periods of time after the ordering of each item from American Glass Distributors until judgment, and (b) on any revenue pocketed by Plaintiff for such "side jobs" at the highest interest rate allowed by law, and for the periods of time after the receipt of such revenue by Plaintiff, and (c) on any lost profits that Star lost because of such "side jobs" at the highest interest rate allowed

by law, and for the periods of time after completion of the side job by Plaintiff.

## VIII.   CONDITIONS PRECEDENT

36.     All conditions precedent to Defendants' right to the relief requested herein have

been performed or have occurred or have lapsed, or have been waived, or Plaintiff is estopped to

assert same.

## IX.     RESPONSE TO DEMAND FOR JURY TRIAL

In the FLSA, Congress did not make express provision for the right to a jury trial. However,

Defendants acknowledge that the 5th Circuit Court of Appeals has held that there is a right to a jury

trial in private actions under section 216(b) of the FLSA for unpaid statutory compensation and

liquidated damages.

WHEREFORE, Defendants ask the Court to dismiss Plaintiff's claims with prejudice;

award Defendant Star of Texas Glass Company, Inc. judgment against Plaintiff for its actual

damages, for exemplary damages, and for its reasonable attorneys' fees and costs; award Defendant

Star of Texas Glass Company, Inc.  all pre- and post-judgment interest to which it is entitled on

any of the foregoing sums, at the highest rate allowed by law and for the longest period allowed

by law; and, grant Defendants such other relief to which they may be entitled.

Respectfully submitted,

PAUL T. MORIN, P.C.
503 W. 14th Street
Austin, Texas 78701
(512) 499-8200; (512) 499-8203 fax

By: _____
         Paul T. Morin
         State Bar No. 14460550

PMorin@austin.rr.com
ATTORNEY FOR DEFENDANTS

28

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that on Sept. 21, 2018, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to Charles L. Scalise, attorney for Plaintiff, via email at *charles@rosslawgroup.com,* and I sent a copy of the foregoing instrument him at the same email address.